IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSHUA D. LIVINGSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-3459-KHV |
| | ) |
| DOUG CRISP, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This case comes before the court on *pro se* plaintiff's memorandum in support of his motion for appointment of counsel **(doc. 19)**. The court construes this document as plaintiff's second motion for appointment of counsel, as plaintiff has provided additional evidence in support of his request for counsel. Defendant's time for filing a response has not yet passed, but it is clear to the court that plaintiff's motion should be denied, so the court will rule without awaiting a response from defendant. Also before the court is plaintiff's related motion to postpone the scheduling conference pending the court's decision on plaintiff's second motion to appoint counsel **(doc. 20).** In light of the court's order denying plaintiff's motion to appoint counsel, plaintiff's related motion to postpone the scheduling conference is denied as moot.

Finally, defendant has filed a motion **(doc. 23)** to stay discovery and postpone the August 1, 2005 scheduling conference until after the court rules on the qualified immunity defenses raised in defendant's motion for summary judgment (doc. 21). The court has

reviewed defendant's motion and supporting memorandum (doc. 24). Plaintiff has not yet responded to this motion, nor has his time for doing so passed. However, it is clear to the court that defendant's motion should be granted, so the court will again rule without awaiting further briefing.

**Plaintiff's Motions Relating to Appointment of Counsel**

On July 7, 2005, the court denied plaintiff's first request for appointment of counsel (doc. 18), finding that plaintiff had failed to provide any evidence that he had made any attempts to retain counsel. The order included the following:

> If plaintiff has not previously contacted the Lawyer Referral Service to obtain names of attorneys in the Kansas City area who handle cases such as the one filed by plaintiff, the court encourages plaintiff to do so. The address and telephone number of the Lawyer Referral Service is as follows: 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111.

The attachments to the instant memorandum relate to plaintiff's attempts to obtain sufficient use of the law library or documentation. Plaintiff has still failed to provide any evidence that he has made any attempts to obtain counsel.

Plaintiff also argues that he does not understand his rights and responsibilities in relation to the court; that he does not understand the procedures of the court; that he is "intimidated by the daunting tasks of litigating a case in which he does not fully understand"; and that he is overwhelmed by the amount of material which is relevant to the case and is uneasy proceeding further without guidance due to his limited knowledge and resources.

As set forth in the July 7, 2005 order, "[I]n civil actions, such as this one, the court

may appoint counsel "in such circumstances as the court may deem just," but there is no constitutional right to appointed counsel."[1] The decision whether to appoint counsel lies solely in the court's discretion.[2] In its discretion, the court again denies plaintiff's motion for appointment of counsel. In light of this ruling, as well as the ruling set forth below regarding defendant's motion to stay discovery, plaintiff's motion to postpone the scheduling conference **(doc. 20)** is essentially moot, and is therefore denied.

**Defendant's Motion to Stay Discovery (doc. 23)**

By way of the instant motion, defendant asks the court to stay discovery, including the requirement that the parties hold a planning meeting and attend a scheduling conference, until after the court has ruled on qualified immunity defenses raised in defendant's motion for summary judgment (doc. 21). For the reasons set forth below, that motion is granted.

The court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[3] The decision whether to stay discovery rests in the sound discretion of the court. As a practical matter, this calls for a case-by-case determination.

A stay may be particularly appropriate in a case with motions raising issues of quasi-

---

[1] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992).

[2] *Id.*

[3] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

judicial immunity, Eleventh Amendment immunity and qualified immunity. Generally speaking, defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

As a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[7] However, an exception is made to that general rule when a defendant asserts qualified immunity, because the district court should stay discovery until the immunity issue is resolved.[8] If discovery is allowed, it should be tailored specifically to

---

[4] *Siergeri v. Gilley*, 500 U.S. 226, 232-33 (1991) ("'Until this threshold immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

[5] *Id.* at 232; *see also Gallegos v. City and County of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817-18)).

[6] *Id.* at 233 ("The entitlement is an immunity from suit rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

[7] *See Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing case law)).

[8] *Harlow*, 457 U.S. at 818-19; *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see, e.g.*, *Van Deelen v. City of Eudora,* No. 96-4040, 1997 WL 445821, at *2 (D. Kan. May 8, 1997) (upholding a magistrate judge's ruling staying discovering pending the court's ruling on a defendant's immunity defenses).

the immunity question.[9]

Upon careful review of the record, the court concludes that a stay of all pretrial proceedings—including discovery, the planning meeting conference, initial disclosures, and the scheduling of deadlines—is warranted until the court resolves defendant's pending motion for summary judgment. Defendant's motion to stay **(doc. 23)** is therefore granted.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.  Plaintiff's second motion for appointment of counsel **(doc. 19)** is denied. Plaintiff's related motion to stay this case pending the court's ruling on his request for appointment of counsel **(doc. 20)** is denied as moot.

2.  Defendant's motion to stay the case **(doc. 23)** is granted. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3.  The clerk shall serve copies of this order upon plaintiff by regular and certified mail and serve all counsel of record electronically.

Dated this 25th day of July, 2005, at Kansas City, Kansas.

          s/ James P. O'Hara
          James P. O'Hara
          U.S. Magistrate Judge

---

[9] *Workman*, 958 F.2d at 336 (citing *Anderson v. Creighton*, 483 U.S. 635, 646-47 n.6 (1987)).